1  Vanessa R. Waldref
2  United States Attorney
   Eastern District of Washington
3  David M. Herzog
4  Assistant United States Attorney
   Post Office Box 1494
5  Spokane, WA 99210-1494
6  Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 19, 2022

SEAN F. McAVOY, CLERK

7

8          UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF WASHINGTON
9

10
11  UNITED STATES OF AMERICA,            2:19-CR-00127-RMP-1

12              Plaintiff,                Plea Agreement

13       v.                              Pursuant to Federal Rule of Criminal
14                                       Procedure 11(c)(1)(C)

15  JESSICA ANN CUNNINGTON              Global Disposition with the
16  (a/k/a "Akoostik1", "Jessica Ann    State of Washington
    Barrington"),
17

18              Defendant.

19

20
        Plaintiff United States of America, by and through Vanessa R. Waldref, United
21
    States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant
22
    United States Attorney, and the State of Washington, by and through Larry Haskell,
23
    Prosecuting Attorney for Spokane County, Washington, and Eugene Cruz, Deputy
24
    Prosecuting Attorney for Spokane County, and Defendant JESSICA ANN
25
    BARRINGTON[1] ("Defendant"), formerly known as JESSICA ANN CUNNINGTON,
26

27  _____

28  [1]     On June 11, 2019, Defendant legally changed her name from Jessica Ann
    Cunnington to Jessica Ann Barrington.
    CUNNINGTON GLOBAL PLEA AGREEMENT – 1

1    both individually and by and through Amy Rubin, Defendant's federal defense counsel,
2    and Victoria Blumhorst, Defendant's state defense counsel, agree to the following Plea
3    Agreement.

Introduction

4
5    Defendant has been charged in state and federal court with a number of child
6    exploitation offenses.

7    On January 31, 2019, Defendant was charged in Spokane County Superior Court,
8    Case Number 19-1-00414-32, with Rape of a Child in the First Degree, in violation of
9    RCW § 9A.44.073(1) (Count I), Child Molestation in the First Degree, in violation of
10   RCW § 9A.44.083(1) (Count II), and Sexual Exploitation of a Minor, in violation of
11   RCW § 9.68A.040(1)(A)(2) (Counts III-V).

12   On August 6, 2019, a federal Grand Jury returned an Indictment charging
13   Defendant with Conspiracy to Transport Child Pornography, in violation of 18 U.S.C.
14   § 2252A(a)(1), (b)(1) (Count 1), Production of Child Pornography, in violation of 18
15   U.S.C. § 2251(a), (e) (Count 2), Distribution of Child Pornography, in violation of 18
16   U.S.C. § 2252A(a)(2)(A), (b)(1) (Count 3), and Receipt of Child Pornography, in
17   violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (Count 4).

18   Defendant wishes to resolve all of these charges as part of a global resolution.
19   The United States Attorney's Office for the Eastern District of Washington and the
20   Spokane County Prosecutor's Office agree to such a resolution, as set forth herein.

21   1.    Guilty Plea and Maximum Statutory Penalties

22   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"),
23   Defendant agrees to plead guilty to Count 2 of the federal Indictment filed on August 6,
24   2019, which charges Defendant with Production of Child Pornography, in violation of
25   18 U.S.C. § 2251(a), (e), a Class B felony.  Defendant understands that Production of
26   Child Pornography carries the following penalties: a term of imprisonment of no less
27   than 15 years and up to 30 years; a term of supervised release of no less than 5 years
28   and up to a lifetime; a fine of up to $250,000; restitution; mandatory registration as a

CUNNINGTON GLOBAL PLEA AGREEMENT – 2

sex offender; a $100 special penalty assessment; and an additional mandatory special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act ("JVTA") of 2015, absent a judicial finding of indigence.

Pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("the AVAA") the Court shall also impose, in addition to any other criminal penalty, restitution, or special assessment authorized by law, an additional assessment of up to $50,000 as set forth in 18 U.S.C. § 2259A. Pursuant to 18 U.S.C. § 2259A(c), in determining the amount of the AVAA assessment, the Court shall consider the factors set forth in 18 U.S.C. §§ 3553(a), 3572.

Defendant further understands that a violation of a condition of Defendant's federal supervised release carries an additional penalty of reimprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision.

2.    The Court is Not a Party to the Agreement

Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Defendant understands that sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States or Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maxima stated in this Plea Agreement. Defendant understands the Court is required to consider the applicable Sentencing Guidelines range, but may depart downward from it.

3.    Rule 11 Nature of the Plea Agreement

Defendant enters this Plea Agreement pursuant to Rule 11(c)(1)(C). The United States and Defendant agree that the appropriate sentence will include 240-360 months (20-30 years) of incarceration, to be followed by a lifetime of Supervised Release. Although the United States and Defendant agree to make these recommendations to the

CUNNINGTON GLOBAL PLEA AGREEMENT – 3

Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 360 months (30 years) or indicates its intent to do so. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 240 months (20 years) or a term of supervised release of less than Defendant's lifetime, or indicates its intent to do so.

Defendant and the United States acknowledge that the imposition of any fine, restitution, or conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that parties are free to make any recommendation they deem appropriate as to the imposition of a fine, restitution, or conditions of Supervised Release; and that the Court will exercise its discretion in this regard. Defendant and the United States acknowledge that the Court's decisions regarding the imposition of a fine, restitution, or conditions of Supervised Release will not provide a basis for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Pursuant to this Plea Agreement, the Spokane County Prosecutor's Office agrees that after a sentence is imposed in the federal case that is consistent with this Plea Agreement, the Spokane County Prosecutor's Office will move to dismiss with prejudice all pending criminal charges against Defendant in Spokane County, and will not file new charges arising from conduct by Defendant that occurred prior to the date that Defendant enters a guilty plea in United States District Court on the charges set forth herein, so long as the conduct giving rise to those charges was known to the Spokane County Prosecutor's Office at the time Defendant enters a guilty plea in the above-captioned case.

CUNNINGTON GLOBAL PLEA AGREEMENT – 4

Defendant understands that this Plea Agreement does not limit any law enforcement agency or prosecuting authority from investigating and/or charging Defendant with any new criminal conduct or violations of Supervised Release that arise during or after Defendant's incarceration on these charges.

Defendant acknowledges that if Defendant or the United States successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and neither the United States nor the Spokane County Prosecutor's Office are bound by any representations within it.

4.     <u>Effect on Immigration Status</u>

Defendant understands that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Defendant understands that a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty. Defendant understands that removal and other immigration consequences are the subject of separate proceedings.

Defendant understands that while removal from the United States may be a result of Defendant's guilty plea if Defendant is not a citizen of the United States, no one, including Defendant's attorney or the District Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status. Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail, even if removal from the United States is a virtual certainty if Defendant is not a United States citizen.

5.     <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

       a.     the right to a jury trial;

       b.     the right to see, hear and question the witnesses;

CUNNINGTON GLOBAL PLEA AGREEMENT – 5

c.    the right to remain silent at trial;

d.    the right to testify at trial; and

e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    Waiver of Inadmissibility of Statements

Pursuant to Federal Rule of Evidence 11(f), Defendant waives the inadmissibility of any statements made by Defendant in the course of plea discussions with the United States.  This waiver shall apply if Defendant withdraws Defendant's guilty plea or breaches this Plea Agreement.

Defendant acknowledges that any statements made by Defendant in the course of plea discussions in this case will be admissible against Defendant in the United States' case-in-chief if Defendant withdraws from, or breaches, this Plea Agreement, in any manner.

7.    Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e), as charged in Count 2 of the Indictment, the United States would have to prove the following beyond a reasonable doubt:

a.    *First*, on or before August 19, 2018, within the Eastern District of Washington, Defendant employed, used, persuaded, induced, coerced, or enticed Minor Victim 1 to take part in sexually explicit

CUNNINGTON GLOBAL PLEA AGREEMENT – 6

conduct for the purpose of producing a visual depiction of that conduct;

 b. *Second*, at the time of Defendant's conduct, Minor Victim 1 was a minor, that is, Minor Victim 1 had not attained the age of eighteen years; and

 c. *Third*, such visual depiction was produced using materials that had been mailed or shipped or transported in and affecting interstate or foreign commerce by any means, including by computer.

8. <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

Beginning on or about August 18, 2018, and continuing through on or about August 19, 2018, Defendant used a computer, the online platform KIK messenger, and the Internet to communicate with Codefendant Timothy Paul Marchini. Their communications were almost exclusively sexually explicit in nature, and included multiple communications regarding each of their desires to sexually abuse minor children and/or record and transmit images of the abuse. Defendant's KIK Messenger handle was "Akoostik1."

During these communications, Defendant and Codefendant Marchini sent images of child pornography to one another and received images of child pornography from one another. Defendant knew that some of these images contained visual depictions of minors engaged in sexually explicit conduct; that is, Defendant knew that some of these images were child pornography. It is also factually true, and Defendant knew, that the

CUNNINGTON GLOBAL PLEA AGREEMENT – 7

images of child pornography that she received, sent, and possessed were transported via the Internet, which is a means or facility of interstate or foreign commerce.

Among other transmissions of child pornography, on August 18, 2018, Defendant knowingly sent, through KIK Messenger and the Internet, an image of child pornography depicting Defendant's three-year-old daughter. Defendant acknowledges that this image constituted child pornography under federal law.

Defendant began sending child pornography depicting her daughter to Codefendant Marchini within seconds of first communicating with him online. Defendant continued to communicate with Codefendant Marchini, seeking additional images of child pornography from him, agreeing to groom her daughters for sexual abuse by Codefendant Marchini, agreeing to get pregnant by Codefendant Marchini in hopes that they would have a son who would also abuse Defendant and her daughters, and agreeing that Codefendant Marchini should sexually abuse her daughters, ages 3, 5, and 7, and eventually get them pregnant.

Prior to communicating with Codefendant Marchini, Defendant employed, used, persuaded, induced, coerced and enticed Minor Victim 1 to take part in sexually explicit conduct for the purpose of producing visual depictions of that conduct. At all times relevant to this Indictment, Minor Victim 1 had not attained the age of 18 years. In fact, when Defendant produced child pornography images of Minor Victim 1, Minor Victim 1 was a toddler who was not yet four years old. Defendant produced visual depictions of Minor Victim 1 engaging in sexually explicit conduct using materials that had been mailed or shipped or transported in and affecting interstate or foreign commerce by any means, including by computer. At least one image depicted the commission of a sexual act; namely, Defendant performing oral sex on Minor Victim 1. In all, Defendant produced approximately ten child pornography images of her minor daughters, and one or two videos.

Defendant acknowledges that when interviewed by the FBI, she admitted that she sent images of child pornography depicting her daughters to approximately ten men

CUNNINGTON GLOBAL PLEA AGREEMENT – 8

whom she met online. One of them, a man Defendant knew as "Henry," sent Defendant a video that Defendant had previously sent him, which depicted Defendant engaging in oral sex with Minor Victim 1. "Henry" sent this video back to Defendant after she changed her screen name, to prove to her that he knew who she was despite her changed screen name.

Defendant acknowledges that the children depicted in the images she produced, received, and sent were under 12, that she used a computer, and that her offense conduct included producing, sending, or receiving between 10 and 150 images of child pornography.

9.    Agreements To Dismiss and Not File Additional Charges

The United States Attorney's Office for the Eastern District of Washington agrees to dismiss with prejudice Counts 1, 3, and 4 of the Indictment at the conclusion of the federal sentencing hearing in this case.

The United States Attorney's Office for the Eastern District of Washington and the Spokane County Prosecutors' Office agree not to bring additional charges against Defendant based on information in their possession at the time of this Plea Agreement, unless Defendant breaches this Plea Agreement prior to sentencing in this case.

Defendant understands that the United States Attorney's Office for the Eastern District of Washington and the Spokane County Prosecutors' Office are each free to criminally prosecute Defendant for any other past unlawful conduct or any unlawful conduct that occurs after the date of this Plea Agreement, so long as that conduct was not known to the United States Attorney's Office for the Eastern District of Washington and/or the Spokane County Prosecutors' Office, respectively, on the date that Defendant enters into a federal guilty plea based on this Plea Agreement.

If Defendant's guilty plea and this Plea Agreement are both accepted by the Court and Defendant is sentenced on the federal case to a term of incarceration between 240-360 months (20-30 years) and a lifetime of Supervised Release, then after the sentencing hearing in Defendant's federal case, the Spokane County Prosecutor's Office

CUNNINGTON GLOBAL PLEA AGREEMENT – 9

agrees to dismiss with prejudice all charges in Spokane County Superior Court, Case Number 19-1-00414-32, which was filed on January 31, 2019.

10.    Application of the United States Sentencing Guidelines

Defendant understands that the advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") are applicable to this case and that the Court will determine Defendant's applicable Guidelines range at the time of sentencing. The United States and Defendant agree that Defendant's final adjusted offense level after a reduction for acceptance of responsibility, is level 43, yielding a guidelines range of life imprisonment.

a.    Base Offense Level and Enhancements Under Chapter 2

The United States and Defendant agree that the following offense level and enhancement calculations apply:

*Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e):*

| Base Offense Level and/or Adjustments | | Guideline Section |
|---|---|---|
| Child Pornography Production | 32 | U.S.S.G. § 2G2.1(a) |
| Victim Under 12 years old | +4 | U.S.S.G. § 2G2.1(b)(1) |
| Sexual act and sexual contact | +2 | U.S.S.G. § 2G2.1(b)(2)(A) |
| Distribution | +2 | U.S.S.G. § 2G2.1(b)(3) |
| Material portraying a toddler | +4 | U.S.S.G. § 2G2.1(b)(4) |
| Defendant was parent of victim | +2 | U.S.S.G. § 2G2.1(b)(5) |
| Total | 46 | |

b.    Repeat and Dangerous Sex Offender Under Chapter 4

The United States and Defendant also agree that under Chapter 4 of the United States Sentencing Guidelines, Defendant's offense level is increased by an additional five levels because Defendant engaged in a pattern of activity involving prohibited sexual conduct pursuant to U.S.S.G. § 4B1.5(b)(1).

The United States and Defendant agree that Defendant's offense of conviction is a "covered sex crime" under U.S.S.G. § 4B1.5(b)(1) because it is an "offense, perpetrated against a minor" under 18 U.S.C. §§ 2251(a), (e), which falls under Chapter

CUNNINGTON GLOBAL PLEA AGREEMENT – 10

110 of the United States Code, and is not a crime of transmitting information about a minor or filing a factual statement about an alien individual. U.S.S.G. § 4B1.5, App. Note 2.

The United States and Defendant also agree that Defendant engaged in a pattern of activity involving prohibited sexual conduct with a minor by engaging on at least two occasions in "prohibited sexual conduct with a minor." U.S.S.G. § 4B1.5, App. Note 4(B)(i). For purposes of subsection (b) of U.S.S.G. § 4B1.5, "prohibited sexual conduct" includes "the production of child pornography[.]" U.S.S.G. § 4B1.5, App. Note 4(A). The United States and Defendant agree that Defendant produced child pornography of one or more of her daughters on at least two occasions. Accordingly, under Chapter 4, Defendant's offense level under Chapters 2 and 3 is increased by five levels to a total offense level of 51.

The United States and Defendant agree that the Ninth Circuit has recently clarified that a 3-level reduction for acceptance of responsibility is applied to a Defendant's total offense level even if it is higher than the 43-level cap articulated in application note 2 of Part A of Chapter 5. *United States v. Dunlap*, 801 F. App'x 593 (9th Cir. 2020) ("The district court correctly applied the Guidelines in the order set forth in § 1B1.1(a). The court determined that Dunlap's combined adjusted offense level was 48 under § 2G2.1, then decreased the adjusted offense level by 3 for acceptance of responsibility under § 3E1.1, and thereafter applied application note 2 of Part A of Chapter 5, which states that "[a]n offense level of more than 43 is to be treated as an offense level of 43." We reject Dunlap's argument that the Guidelines establish an offense-level cap of 43, from which the 3-level reduction for acceptance of responsibility should have been deducted.").

The United States and Defendant therefore agree that the Court should apply the 3-level reduction for acceptance of responsibility to reduce Defendant's final offense from level 51 to level 48 before applying the 43-level cap. The United States and Defendant agree that Defendant's final offense level calculation under the Guidelines is

CUNNINGTON GLOBAL PLEA AGREEMENT – 11

1  level 43 (not level 40), and Defendant's Guidelines range is life imprisonment,

2  regardless of Defendant's criminal history category.

3          c.      Recommendations to the Court

4          Defendant agrees not to dispute or challenge any of the Guidelines analyses or

5  calculations set forth herein.

6          Regardless of any calculations made by the United States Probation Office, the

7  United States and Defendant agree to: (a) recommend to the Court that Defendant's

8  final offense level under the United States Guidelines is level 43; and (b) recommend

9  that the Court impose a final sentence of 240-360 months (20-30 years), followed by a

10  lifetime of supervised release.

11          d.      Acceptance of Responsibility

12          The United States will recommend that Defendant receive a three-level

13  downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a),

14  (b), if Defendant does the following: accepts this Plea Agreement; enters a guilty plea at

15  the first Court hearing that takes place after the United States offers this Plea

16  Agreement; demonstrates recognition and affirmative acceptance of Defendant's

17  personal responsibility for Defendant's criminal conduct; provides complete and

18  accurate information during the sentencing process; and does not commit any

19  obstructive conduct.

20          Defendant and the United States agree that at its option and on written notice to

21  Defendant, the United States may elect not to recommend a reduction for acceptance of

22  responsibility if, prior to the imposition of sentence, Defendant is charged with, or

23  convicted of, any criminal offense, or if Defendant tests positive for any controlled

24  substance.

25          e.      No Other Agreements

26          The United States and Defendant have no other agreements regarding the

27  Guidelines or the application of any Guidelines enhancements, departures, or variances.

28  Defendant understands and acknowledges that the United States is free to make any

CUNNINGTON GLOBAL PLEA AGREEMENT – 12

1 sentencing arguments it sees fit, including arguments arising from Defendant's
2 uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this
3 Agreement, and Defendant's relevant conduct.

     f.  <u>Criminal History</u>

5   The United States and Defendant have no agreement and make no representations
6 about Defendant's criminal history category, which will be determined by the Court
7 after the United States Probation Office prepares and discloses a Presentence
8 Investigative Report.

    11. <u>Incarceration</u>

10   The United States and Defendant agree that this plea agreement is entered
11 pursuant to Rule 11(c)(1)(C), and that the appropriate disposition of the case is a
12 sentence that includes a term of incarceration of 240-360 months (20-30 years), to be
13 followed by a lifetime of supervised release.  The United States and Defendant each
14 agree to recommend a sentence to the Court that falls within this range.

    12. <u>Supervised Release</u>

16   The United States and Defendant each agree to recommend that the Court impose
17 Supervised Release for the rest of Defendant's life.

18   The United States and Defendant agree to recommend the following conditions
19 of Supervised Release, in addition to the standard conditions of supervised release and
20 the special conditions of supervised release that are imposed in all child sex offender
21 cases in this District:

     a.  Defendant shall not have any contact with any child under the age of
        18 outside the immediate presence of an adult and approved in
        advance by the Probation Officer.  Defendant shall not have any
        contact or communications of any kind with any child via telephone,
        the Internet, or any social media platform.  Defendant shall
        immediately report to the Probation Officer any unauthorized
        contact with anyone under 18 years old.

CUNNINGTON GLOBAL PLEA AGREEMENT – 13

b.  The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

c.  Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images).  This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts.  Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action.  Failure to provide accurate account information may be grounds for revocation.  The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition when reasonable suspicion exists that Defendant has violated a condition of supervision and that the accounts to be searched contain evidence of this violation.

d.  Defendant shall allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that Defendant possesses or has access to, including any internal or external peripherals.  This may require temporary removal of the equipment for a more thorough inspection.  Defendant shall not possess or use any data encryption technique or program.  Defendant shall purchase and use such hardware and software systems that monitor Defendant's computer usage, if so directed by the Probation Officer.

CUNNINGTON GLOBAL PLEA AGREEMENT – 14

e.  Defendant shall not reside or loiter within 1000 feet of places where children under the age of 18 congregate, which includes primary and secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades.

f.  Defendant shall not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material including videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. § 2256(2).  Defendant shall not enter or be present at any establishment involved in the sex industry, including adult book stores, massage parlors, escort services, or strip clubs.  Defendant shall not use any sex-related adult telephone number, Internet access, or social media platform. Defendant shall provide to the Probation Officer all of Defendant's telephone and Internet records to monitor compliance, at the direction of the Probation Officer.

g.  Defendant shall register as a sex offender, according to the laws of each state in which Defendant resides, is employed, or is attending school.  Defendant shall provide verification of compliance with this requirement to the Probation Officer.

h.  Defendant shall complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, testing, and completion of the ABEL assessment, at the direction of the Probation Officer.

i.  Defendant shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program.  Defendant shall allow reciprocal release of information

CUNNINGTON GLOBAL PLEA AGREEMENT – 15

1    between the Probation Officer and the treatment provider.

2    Defendant shall contribute to the cost of treatment according to

3    Defendant's ability.

4    13.    Criminal Fine

5    The United States and Defendant are each free to make whatever

6 recommendation concerning the imposition of a criminal fine that they believe is

7 appropriate.

8    14.    Mandatory Special Penalty Assessment

9    Defendant agrees to pay the $100 mandatory special penalty assessment to the

10 Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant

11 to 18 U.S.C. § 3013, and agrees to provide a receipt from the Clerk to the United States

12 before sentencing as proof of this payment.

13    Defendant agrees that pursuant to the JVTA, the Court shall impose an additional

14 mandatory special assessment of $5,000, absent a judicial finding of indigence.

15    Defendant agrees that pursuant to the AVAA, the Court shall also impose, in

16 addition to any other criminal penalty, restitution, or special assessment authorized by

17 law, an additional assessment of up to $50,000 as set forth in 18 U.S.C. § 2259A.

18 Defendant also understands and agrees that pursuant to 18 U.S.C. § 2259A(c), in

19 determining the amount of the AVAA assessment, the Court shall consider the factors

20 set forth in 18 U.S.C. §§ 3553(a), 3572.

21    15.    Payments While Incarcerated

22    If Defendant lacks the financial resources to pay the monetary obligations

23 imposed by the Court, Defendant agrees to earn money toward these obligations by

24 participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

25    16.    Restitution

26    The United States and Defendant agree that restitution is required.  18 U.S.C.

27 §§ 2259, 3663, 3663A, 3664.  Defendant acknowledges that restitution is mandatory,

28 without regard to Defendant's economic situation, to identifiable victims who suffer

CUNNINGTON GLOBAL PLEA AGREEMENT – 16

ongoing injury by virtue of child pornography images depicting them circulating on the Internet indefinitely, in amounts that comport with Defendant's relative role in the causal process that underlies the general losses of the victims. *Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C. § 2259.

Pursuant to 18 U.S.C. § 3663(a)(3), in exchange for the United States dismissing counts and/or agreeing not to bring additional charges, Defendant voluntarily agrees to pay restitution to all victims of child pornography that Defendant produced, distributed, received, and/or possessed, as set forth in discovery, whether or not Defendant pleads guilty to counts charging that specific conduct, and whether or not such counts are foregone pursuant to this Plea Agreement.

Defendant understands that for purposes of 18 U.S.C. § 2259, "victim" means the individual harmed as a result of a commission of the crime, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim. The United States and Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual, and/or medical provider who provided medical services and/or funds related to the treatment of any victim.

For any victim against whom Defendant's conduct occurred on or after December 7, 2018, Defendant agrees that such victims shall be entitled to restitution as if the AVAA applied to Defendant's conduct and agrees that the Court should order restitution in an amount that reflects Defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000 per victim.

With respect to restitution, the United States and Defendant agree to the following:

        a.    Restitution Amount and Interest

Pursuant to 18 U.S.C. § 2259, the Court shall order restitution for the full amount of any victims' losses. The United States and Defendant will submit restitution information prior to sentencing. The interest on this restitution amount should be

CUNNINGTON GLOBAL PLEA AGREEMENT – 17

1  waived.  Defendant acknowledges that Defendant may not withdraw from the Plea

2  Agreement based on the amount of restitution that the Court orders.

3          b.    Payments

4      The United States and Defendant agree that if the Court imposes restitution, the

5  Court will set a restitution payment schedule based on Defendant's financial

6  circumstances.  18 U.S.C. § 3664(f)(2), (3)(A).  Defendant agrees to pay not less than

7  10% of Defendant's net monthly income towards any restitution obligation.

8          c.    Treasury Offset Program and Collection

9      Defendant understands that the Treasury Offset Program ("TOP") collects

10  delinquent debts owed to federal agencies.  Defendant acknowledges that, if applicable,

11  the TOP may take part or all of Defendant's federal tax refund, federal retirement

12  benefits, or other federal benefits and apply these monies to Defendant's restitution

13  obligations.  26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

14      Defendant also understands the United States may, notwithstanding the Court-

15  imposed payment schedule, pursue other avenues to ensure a restitution obligation is

16  satisfied, including, but not limited to, garnishment of available funds, wages, or assets.

17  18 U.S.C. §§ 3572, 3613, and 3664(m).

18      Nothing in this acknowledgment shall be construed to limit Defendant's ability to

19  assert any specifically identified exemptions as provided by law, except as set forth in

20  this Plea Agreement.

21          d.    Notifications

22      Defendant agrees to notify the Court and the United States of any material

23  change in Defendant's economic circumstances (e.g., inheritances, monetary gifts,

24  changed employment, or income increases) that might affect Defendant's ability to pay

25  restitution.  18 U.S.C. § 3664(k).  This obligation ceases when the restitution is paid-in-

26  full.

27

28

CUNNINGTON GLOBAL PLEA AGREEMENT – 18

Defendant agrees to notify the United States of any address change within 30 days of the change. 18 U.S.C. § 3612(b)(F). This obligation ceases when the restitution is paid-in-full.

17.    Assets

Defendant voluntarily agrees to abandon and relinquish all right, title, and interest in all assets and/or items seized by the United States, Spokane County Sheriff's Department, or Spokane Police Department during the investigation of this case. Defendant voluntarily consents to the destruction of all assets and/or items seized during the investigation of this case. Defendant agrees to hold harmless all law enforcement agents, the United States, Spokane County, and the City of Spokane, as well as any of their agents and employees from any claims whatsoever arising in connection with the seizure, abandonment, and/or destruction of all assets and/or items seized during the investigation of this case. Defendant further waives notice of any federal, state, or local proceedings involving the seizure, abandonment and/or destruction of all assets and/or items seized during the investigation of this case.

18.    Sex Offender Registration

Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d).

Defendant also understands that independent of Defendant's term of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's lifetime.

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will keep Defendant's registration current with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours.

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will notify and verify with the state sex offender registration

CUNNINGTON GLOBAL PLEA AGREEMENT – 19

1  agency or agencies of any state in which Defendant lives or resides for more than 72

2  hours, of changes to Defendant's name, place of residence, place of employment,

3  education, or religious worship, and any other information required by such agency or

4  agencies.

5      Defendant understands that Defendant will be subject to possible federal and

6  state penalties for failure to comply with any such requirements.

7      Defendant understands that under 18 U.S.C. § 4042(c), notice will be provided to

8  certain law enforcement agencies upon Defendant's release from confinement.

9      As a condition of Supervised Release, Defendant shall initially register with the

10  state sex offender registration of the state of Defendant's release, and shall also register

11  with the state sex offender agency in any state where defendant resides, is employed,

12  works, or is a student, as directed by the Probation Officer.

13      Defendant shall provide proof of registration to the Probation Officer within 72

14  hours of release.

15      19.   Additional Violations of Law Can Void Plea Agreement

16      Defendant and the United States agree that the United States may at its option

17  and upon written notice to Defendant, withdraw from this Plea Agreement or modify its

18  recommendation for sentence if, after Defendant's guilty plea and prior to the

19  imposition of sentence, Defendant is convicted of any criminal offense or if Defendant

20  tests positive for any controlled substance.

21      20.   Waiver of Appeal Rights and Collateral Attack

22      In return for the concessions that the United States has made in this Plea

23  Agreement, Defendant agrees to waive Defendant's right to appeal Defendant's

24  conviction and sentence if the Court imposes a term of imprisonment consistent with

25  the terms of this Rule 11(c)(1)(C) Plea Agreement.  The sole exception to this appellate

26  waiver is that Defendant may appeal an award of restitution that is greater than $50,000.

27      Defendant expressly waives Defendant's right to appeal any fine, term of

28  supervised release, or restitution order imposed by the Court.  Defendant expressly

CUNNINGTON GLOBAL PLEA AGREEMENT – 20

1  waives the right to file any post-conviction motion attacking Defendant's conviction
2  and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on
3  ineffective assistance of counsel arising from information not now known by Defendant
4  and which, in the exercise of due diligence, Defendant could not know by the time the
5  Court imposes sentence. Nothing in this Plea Agreement shall preclude the United
6  States from opposing any post-conviction motion for a reduction of sentence or other
7  attack upon the conviction or sentence, including, but not limited to, writ of habeas
8  corpus proceedings brought pursuant to 28 U.S.C. § 2255.

9      21.    <u>Withdrawal or Vacatur of Defendant's Plea</u>

10         If Defendant successfully moves to withdraw from this Plea Agreement or
11 Defendant's conviction is set aside, vacated, reversed, or dismissed, then:

12         a.    This Plea Agreement shall become null and void;

13         b.    The United States and Spokane County may prosecute Defendant on
14              any count to which Defendant has pleaded guilty;

15         c.    The United States and Spokane County may reinstate any counts
16              that have been dismissed, have been superseded by the filing of an
17              Information, or were not charged because of this Agreement;

18         d.    The United States and Spokane County may file any new charges
19              that would otherwise be barred by this Agreement;

20         e.    The United States and Spokane County may prosecute Defendant on
21              all available charges involving or arising from the incidents charged
22              in any charging instrument in this case or Defendant's case in
23              Spokane County;

24         f.    The decision to pursue any or all of these options is within the
25              discretion of the United States Attorney's Office and/or the
26              Prosecuting Attorney's Office for Spokane County;

27         g.    Defendant agrees to waive any objections, motions, and defenses
28              Defendant may have to the United States' or Spokane County's

CUNNINGTON GLOBAL PLEA AGREEMENT – 21

decision about how to proceed, including a claim that the United
States has violated Double Jeopardy; and

h. Defendant agrees not to raise any objections based on the passage of
time, including but not limited to, alleged violations of any statutes
of limitation or any objections based on the Speedy Trial Act or the
Speedy Trial Clause of the Sixth Amendment.

22. <u>Global Disposition for Charged Conduct</u>

The Spokane County Prosecutor's Office agrees to dismiss with prejudice, and
not file, criminal charges against Defendant if the conditions set forth herein are met.
Defendant acknowledges that if Defendant successfully withdraws from Defendant's
federal guilty plea, all representations from the Spokane County Prosecutor's Office
will be null and void. The Spokane County Prosecutor's Office makes no
representations about prosecution of any future conduct by Defendant, or past criminal
conduct that is not set forth in the factual basis of this Plea Agreement. The signature
of a Deputy Prosecuting Attorney for Spokane County on this Plea Agreement serves as
confirmation of all representations from the Spokane County Prosecutor's Office.

23. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the
entire Plea Agreement between the United States and Defendant, and no other promises,
agreements, or conditions exist between the United States and Defendant concerning
the resolution of the case. This Plea Agreement is binding only on the United States
Attorney's Office for the Eastern District of Washington and the Spokane County
Prosecutor's Office, as set forth herein, and cannot bind other federal, state, or local
authorities. The United States and Defendant agree that this Agreement cannot be
modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

CUNNINGTON GLOBAL PLEA AGREEMENT – 22

1    Agreed and submitted on behalf of the United States Attorney's Office for the

2    Eastern District of Washington.

3    Vanessa R. Waldref
     United States Attorney
4

5

6    _____ for    4/19/2022
     David M. Herzog                   Date
7    Assistant U.S. Attorney

8    Agreed and submitted on behalf of the Spokane County Prosecutor's Office.

9    Larry Haskell
     Spokane County Prosecuting Attorney
10

11
                              W/email permission
12   _____ for    4/19/2022
     Eugene M. Cruz                    Date
13   Deputy Prosecuting Attorney
14   Spokane County Prosecutor's Office

15   I have read this Plea Agreement and have carefully reviewed and discussed every

16   part of the agreement with my state and federal attorneys. I understand and voluntarily

17   enter into this Plea Agreement. Furthermore, I have consulted with my state and federal

18   attorneys about my rights, I understand those rights, and I am satisfied with the

19   representation of my state and federal attorneys in this case. No other promises or

20   inducements have been made to me, other than those contained in this Plea Agreement

21   and no one has threatened or forced me in any way to enter into this Plea Agreement. I

22   agree to plead guilty because I am guilty.

23

24

25   _____    4/19/2022
     Jessica Ann Barrington          Date
26   Defendant

27   I have read the Plea Agreement and have discussed the contents of the agreement

28   with my client. The Plea Agreement accurately and completely sets forth the entirety of

     CUNNINGTON GLOBAL PLEA AGREEMENT – 23

1   the agreement between the United States and my client.  I concur in my client's

2   decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason

3   why the Court should not accept my client's plea of guilty.

4

5

6   _____          _____
    Amy Rubin                                 4/17/22
7   Federal Attorney for Defendant            Date

8

9   _____          _____
                                              4/19/22
10  Victoria Blumhorst                        Date
    State Attorney for Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CUNNINGTON GLOBAL PLEA AGREEMENT – 24